court properly decided that the verdict was against the weight of the evidence and should have awarded a new trial instead of granting the nonsuit after taking the verdict of the jury. All concurred.

Joseph A. Lentsch, Respondent, v. International Railway Company, Appellant.— Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held, that the assumption of the court in charging the jury that the car was in sight but not within the radius of safety, is not warranted by the testimony actually given by the plaintiff, and that the exception to the charge presents reversible error. All concurred, except Robson, J., who dissented.

William H. Baker, Appellant, v. Century Cabinet Company, Respondent.— Judgment affirmed, with costs. All concurred, except Kruse, P. J., and Merrell, J., who dissented.

Wilhelmina Wallace, Respondent, v. Buffalo and Lake Erie Traction Company, Appellant.— Judgment and orders affirmed, with costs. All concurred.

John W. Hilberg, Respondent, v. Erie Railroad Company, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that the verdict of the jury is against the weight of the evidence on the question of plaintiff's contributory negligence. All concurred, except Kruse, P. J., who dissented.

Alice E. Escott, as Administratrix, etc., Respondent, v. National Surety Company, Appellant.— Judgment affirmed, with costs. All concurred.

New York Central and Hudson River Railroad Company, Appellant, v. The People of the State of New York and Others, Respondents.— Order affirmed, with costs. Per Curiam: Without passing upon the other questions, we think the act of 1913 (Chap. 66) was effectual to prevent plaintiff from taking the lands under water by condemnation, even if prior to the passage of the act it had such right. All concurred.

Minnie Toole, Appellant, v. The City of Syracuse, Respondent.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that the evidence of the witness Schwartz to the effect that he had never heard of and had no knowledge of any person's receiving material injuries because of stumbling or tripping over an engineer's grade stake, was improperly received; and that its reception over plaintiff's objection and exception, under the circumstances of this case, presents reversible error. All concurred.

Fort Stanwix Canning Company, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

James E. Toole, Respondent, v. The City of Syracuse, Appellant.— Judgment and order affirmed, with costs. All concurred, except Robson, J., who dissented.

Henry LeCouteulx De Caumont and Others, Appellants, v. Trustees of Roman Catholic Church of St. Louis and Others, Respondents.— Order modified so as to provide that the stay of proceedings shall not prevent service of notice of appeal from the judgment, if so advised, and as so modified affirmed, without costs of this appeal to either party. All concurred.